# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD MEYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 11 C 2560 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| VILLAGE OF MINOOKA, | ) | |
| and JAMES GRABOWSKI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Village of Minooka ("Minooka") and James Grabowski ("Grabowski") removed to this Court a four-count complaint filed by plaintiff Donald Meyer ("Meyer"). The Court has twice dismissed Meyer's § 1983 class-of-one equal protection claim for failure to state a claim. Meyer has filed a second-amended complaint in a third attempt to state a claim. Defendants have filed both a motion to dismiss and a motion for sanctions. For the reasons set forth below, the Court grants the motion to dismiss and denies the motion for sanctions.

### I.     Background

For purposes of this motion to dismiss, the Court takes as true the allegations in plaintiff's complaint. The Court may also consider the documents plaintiff attached to his complaint. *See* Fed.R.Civ.P. 10(c).

Meyer is a real-estate developer who has (or his wholly-owned corporation has–it is not clear which), over the years, developed in Minooka a number of properties, including Bonita Vista, Westview Unit 1, Westview Unit 2, Rivers Edge Units 1-4, Vista Commons Unit 1, Vista Commons Unit 2, Vista Commons Unit 3, Vista Commons Unit 4 and Vista Commons Unit 5.

Over the years, Meyer has deposited with Minooka various amounts of money to cover fees associated with the development of his land. For example, in 1996, Meyer deposited with Minooka $3,000.00 for Westview Unit 1. Between 1995 and 2001, Meyer deposited $8,000.00 for Rivers Edge, and in 2001, Meyer deposited $3000.00 for Westview Unit 2.

In 2007, Meyer was working on developing Vista Commons, Unit 4 with a partner. Defendant Grabowski, Minooka's Village Administrator, required Meyer to apply for a variance for Lots 12 and 13 of Vista Commons, Unit 4, because plaintiff wanted those lots to be set back or to have an odd width (the details are not clear in the complaint). Minooka granted the variance for Lot 12 and conditionally approved it for Lot 13.

In the meantime, Meyer's partner applied for a permit to build on Lot 13 of Vista Commons, Unit 4. That permit was never granted.

Meyer alleges that in June or July of 2009, Minooka sent him 44 invoices for about $36,000.00. Meyer's attorney requested clarification. In response, Minooka's Assistant Village Administrator, Steve Pala, sent Meyer a letter to which he attached a summary of the amounts Meyer owed Minooka. According to the summary, Meyer owed Minooka $6,438.89, including $3,168.72 in interest. The summary allocates the amounts owed to Bonita Vista Development, River's Edge PUD, Village Building Corp, Vista Commons #5 and Westview #2.

Meyer alleges that, in reality, he did not owe Minooka any money, because Minooka had made errors in the billing. Meyer alleges, for example, that he was billed $450.00 when Minooka mowed an area of Bonita Village. According to Meyer, Minooka should not have mowed Bonita Village and, therefore, he does not owe Minooka this money. In addition, Meyer argues that Minooka failed to apply his $3000.00 deposit for Westview # 2. Next, Meyer alleges

that Minooka failed to credit him for a payment of $270.00.  Meyer alleges that, due to these errors, he actually owed Minooka nothing.

On October 5, 2009, Grabowski wrote Meyer a letter in which he informed Meyer that Meyer's request for a building permit for "Lot 13 in Vista Commons" was denied based on a Minooka ordinance.  That ordinance states, in relevant part:

> Prior to the consideration, issuance, granting or renewal of any . . . permit . . ., the village department . . . shall contact the finance department to determine whether any monies are due and owing in excess of sixty (60) days to the village from the applicant in relation to the project in regard to which the license or permit is intended to be used.  If moneys are found to be due and owing . . . , said . . . permit . . . shall not be issued . . . until all moneys due and owing to the village have been paid in full, and the finance department so certifies.

(Minooka Ordinance 1-13-1).

Meyer alleges that he was treated less favorably than other entities.  For example, Meyer alleges that other entities, including Meadowbrook Homes and Opus North, were granted permits even though they owed money to Minooka.  He also alleges that such entities as Pulte Group, Pilot Travel Centers and Amg Homes were granted permits while not owing money to Minooka.     In addition to three state-law claims (for a declaratory judgment, an accounting and mandamus), plaintiff Meyer asserts a claim under § 1983.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor.  *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003).  Legal conclusions, however, are not entitled to a presumption of

truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (rejecting, as conclusory, allegations that defendants "knew of, condoned, and willfully and maliciously" engaged in conduct).  Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice.  *Bell Atlantic*, 127 S.Ct. at 1964-1965.  A complaint must include enough factual allegations to "raise a right to relief above a speculative level."  *Bell Atlantic*, 127 S.Ct. at 1965.  "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'"  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).  To survive a motion to dismiss, a claim must be plausible.  *Iqbal*, 129 S.Ct. at 1950.

## III.   Discussion

### A.   Plaintiff's § 1983 claim

Meyer attempts to state a claim under § 1983 for "class of one" discrimination in violation of the Equal Protection Clause.  The Court has twice dismissed the claim.  To state such a claim, Meyer must allege "that he 'has been intentionally treated differently from others similar situated and that there is no rational basis for the difference in treatment.'"  *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010) (quoting *Village of*

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The last time the Court dismissed plaintiff's § 1983 claim, the Court pointed out that plaintiff would need to do more than make a conclusory allegation that there is "no rational basis" for Minooka's denial of a permit and would need to allege facts showing that Grabowski acted with animus.

Since that decision was issued, the Seventh Circuit has considered *en banc* the pleading standard for § 1983 class-of-one equal protection claims. *Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887 (7th Cir. 2012), *petition for cert. filed*, Sept. 24, 2012. The Seventh Circuit judges divided equally, and, in affirming the decision of the district court to dismiss the plaintiff's §1983 claim, were unable to decide whether animus must be alleged. Thus, "[t]he law concerning 'class of one' equal-protection claims is in flux." *Del Marcelle*, 680 F.3d at 888. Because it is not clear whether a plaintiff must plead animus, this Court will not require Meyer to plead it. Still, it is clear that Meyer must plead, at a minimum, that he was intentionally treated differently and there is no rational basis for the difference. *Del Marcelle*, 680 F.3d at 899 & 913; *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In considering this standard, it is important to remember that "if class-of-one claims are not defined appropriately, they might turn many ordinary and inevitable mistakes by government officials into constitutional violations and federal lawsuits." *Geinosky v. City of Chi.*, 675 F.3d 743, 747 (7th Cir. 2012); *see also McDonald v. Village of Winnetka*, 371 F.3d 992, 1009 (7th Cir. 2004) ("Every time an actor commits a tort, he may be treating the victim differently than he frequently treats others, simply because tortious conduct is by nature a departure from the norm. Nonetheless, the purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services . . . into a federal case.")

Meyer seems to have two theories of how he has been denied equal protection of the laws. First, Meyer seems to be alleging that although Minooka informed him that he owed more than $6,000.00, Meyer, in fact, did not owe any money to Minooka. Meyer alleges that Minooka made specific errors (such as billing him for mowing that Minooka should not have undertaken and failing to apply a payment Meyer made) in its accounting of the amounts Meyer owed Minooka. Meyer seems to be alleging that he was treated differently from other entities that did not owe money to Minooka in that others were granted a permit while he was not. Meyer does not allege, however, that Minooka's employee's *thought* those other entities owed money, like they thought Meyer did. It is not irrational for a state actor to deny a permit based on a bill he (wrongly) believes to be accurate. That does not amount to treating someone differently *intentionally*. Meyer does not allege that Grabowski falsified Meyer's account or that he knew the accounting was wrong when he denied Meyer a permit. Meyer alleges merely that there were errors in Minooka's accounting. To allow these allegations to form the basis of a § 1983 claim would be to allow all municipal mistakes to form the basis of a federal case. This Court will not stretch the law so far.

Meyer's second theory is that even if Meyer owed Minooka money, he did not owe Minooka money for Vista Commons, Unit 4, so he should not have been denied a permit when other entities who did not owe money were granted permits. The Court has previously rejected this theory, because Meyer failed to allege plausibly that there was no rational basis for Minooka's decision. As the Court explained the last time it considered Meyer's claim, the Minooka ordinance requires the denial of a permit if Minooka is owed money "from the applicant in relation to the project in regard to which the license or permit is intended to be

used." A rational basis for Minooka to deny the permit, then, is that Meyer owed Minooka money in relation to the project on which Meyer sought a permit. Meyer alleges that he owed no money with respect to Vista Commons Unit 4, but Minooka may define "project" more broadly than just Vista Commons Unit 4. Minooka might define project as including all Vista Commons properties (including Vista Commons Unit 5, for which, according to Meyer's allegations, Meyer owed Minooka money) or as including all properties owned by Meyer.

With his second-amended complaint, Meyer adds additional allegations that, he argues, show there was no rational basis for Grabowski to deny the permit. Meyer alleges that it is not rational for Minooka to define project more broadly than Vista Commons, Unit 4, because Minooka treated Vista Commons, Unit 4 separately from Meyer's other properties when it came to platting and to letters of credit. These allegations do not suffice, though. At best, these allegations show Minooka sometimes treated Meyer differently from *himself* with respect to permitting and platting. It does not show Meyer was intentionally treated differently from *others* with no rational basis.

Finally, in his second-amended complaint, Meyer alleges that a difference between how he was treated and how others were treated is that Grabowski, himself, wrote the letter to Meyer denying the permit. Meyer alleges that Grabowski never wrote any other letters denying permits and, thus, Meyer was treated differently. This is a red herring. It was not the identity of the letter writer that injured Meyer; it was the denial of the permit. The fact that it was the Village Administrator rather than the Assistant Village Administrator (or some other employee of Minooka) who wrote the letter informing Meyer that the permit was denied is not evidence that the denial was irrational.

In sum, Meyer has not adequately alleged that he was intentionally treated differently and that there is no rational basis for the difference in treatment. In three tries, plaintiff has not convinced this Court that he presents a constitutional claim. Meyer wants an accounting and a declaration that Minooka's ordinance does not authorize the denial of a permit for Vista Commons, Unit 4. Meyer's claims belong in state court. Meyer's § 1983 claim is dismissed with prejudice, and the Court will remand his remaining claims to the Circuit Court of Will County. *See* 28 U.S.C. § 1367(c)(3).

B.    **Defendants' motion for sanctions**

Next, defendants move for Rule 11 sanctions. When an attorney files a pleading, he is certifying to the court that the claims contained therein are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed.R.Civ.P. 11(b)(2). A court may sanction an attorney who violates Rule 11(b). Fed.R.Civ.P. 11(c)(1).

Defendants argue that plaintiff failed to correct adequately the pleading deficiencies the Court pointed out the last time it dismissed plaintiff's complaint. Specifically, defendants argue that plaintiff failed to plead animus and failed to plead adequately a lack of a rational basis.

The Court can deny this motion without much comment. When ten judges of the Seventh Circuit are divided equally on the question of whether a plaintiff needs to plead animus, this Court will not sanction a plaintiff who fails to plead it. In addition, although this Court has concluded that plaintiff has not included facts that overcome the presumption of rationality, the plaintiff tried. He added facts to the second-amended complaint that were not included in the first-amended complaint.

The motion for sanctions is denied.

## IV. Conclusion

For the reasons set out above, the Court denies defendants' motion for sanctions. The Court grants defendants' motion to dismiss. The Court hereby dismisses with prejudice Count IV. The Court remands the remaining claims to the Circuit Court of Will County.

ENTER:

*George M. Marovich*

George M. Marovich
United States District Judge

DATED: October 9, 2012